UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOURDES GONZALES CARDENAS,

v.                                         Case No. 8:04-cr-82-T-24MSS
                                                     8:05-cv-1566-T-24MSS

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on Defendant Cardenas' 28 U.S.C. § 2255 motion to vacate, set, aside, or correct an allegedly illegal sentence filed by Defendant's retained counsel. (Doc. cv-1; cr-46).

PROCEDURAL BACKGROUND

On May 20, 2004, Cardenas pled guilty pursuant to a written plea agreement to possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1).  (Doc. cr-25 [Plea Agreement]; cr-1 [Indictment]; cr-48 and cr-51 [Transcript of Guilty Plea Hearings]). Count two of the Indictment was dismissed on motion of the United States. (Doc. cr-38).

On August 23, 2004, the Court sentenced Cardenas to 135 months incarceration. The undersigned United States District Judge signed the judgment the same day. (Doc. cr-

38). Cardenas did not appeal the conviction and sentence.

On August 23, 2005, Cardenas, through retained counsel, timely filed the present 28 U.S.C. § 2255 motion to vacate raising two grounds for relief.

## DISCUSSION

### Ground Two: Voluntary and Knowing Plea and Appeal Waiver

Cardenas contends that his guilty plea, and specifically his sentence appeal waiver, were not knowingly and involuntarily entered because Cardenas' attorney had promised Cardenas he would receive a "much shorter sentence than what he actually received when he [Cardenas] signed his plea agreement." (Doc. cv-1 at p. 5). Cardenas also contends that "alternatively, since he alleges ineffective assistance of counsel and challenges the validity of the plea or waiver, he may challenge their validity even if the waiver had been knowingly and voluntarily made." (Doc. cv-1 at p. 5). Cardenas cites United States v. Cockerham, 237 F.3d 1179 (10th Cir. 2001) in support of ground two. The Cockerham Court held that an appeal waiver is invalid if based on an involuntary or unknowing plea agreement, where the court relied on race or other constitutionally protected status in sentencing, or on an otherwise unlawful agreement. Cockerham, 237 F. 3d at 1182. Cardenas alleges that he is entitled to appeal his sentence as imposed regardless of the appeal waiver in his plea agreement because his defense counsel told Cardenas he would be receiving a much shorter sentence than Cardenas received. Therefore, the guilty plea, according to Cardenas, was unknowing and involuntary.

This claim is refuted by the transcripts of the May 19 and 20, 2004 guilty plea proceedings. On May 19, 2004, Cardenas appeared before the United States Magistrate Judge for the purpose of entering a guilty plea pursuant to a written plea agreement in

which he agreed to plead guilty to possessing five kilograms or more of cocaine with the intent to distribute the cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). (Doc. cr-21 at p.1; cr-51 at p. 11). The Magistrate Judge reviewed Cardenas's plea agreement with him, including his sentence appeal waiver, and established that Cardenas understood the appeal waiver and that no one had made Cardenas any promises other than those included in the plea agreement in exchange for Cardenas's entering into the waiver. (Doc. cr-51 at pp. 17-19). At three other times during the change of plea hearing, the Magistrate Judge confirmed with Cardenas that he had been made no promises other than those stated in the plea agreement. (See Doc. cr-51 at pp. 8-9 [judge asking, "Did anyone promise you anything in exchange for your signature, other than what is in this Plea Agreement?" and Cardenas responding, "No."]; p. 19 [judge asking, "Did anyone make any promise to you, Mr. Cardenas, that you're relying upon in entering a plea in this case, other than what is in this Plea Agreement?" and Cardenas responding, "No."]; p. 23 [judge asking, "Did anyone promise you anything in exchange for that waiver (of the right to a jury trial), other than what's in the Plea Agreement? and Cardenas responding,"No."]).

The Magistrate Judge also confirmed that no one had told Cardenas exactly what his sentence would be if he pled guilty, and advised him as follows:

> You need to understand . . . that no one--not the lawyer who represents you, Mr. de la Grana, not the Government lawyer, not myself--can predict for you with any certainty what your sentence will be.
>
> Only the District Judge has the authority to set sentence. And if you rely upon something that someone may have told you, you could be disappointed at the time of sentence, and you cannot on that basis at that time withdraw your plea; do you understand that?

(Doc. cr-51 at pp. 19-20). Cardenas responded that he understood. (Doc. cr-51 at p. 20).

3

Because of a conflict arising at the hearing concerning the amount of cocaine for which Cardenas was willing to take responsibility, Cardenas and the Government entered into a revised plea agreement, pursuant to which Cardenas was permitted to plead guilty to possessing with the intent to distribute 500 grams or more of cocaine rather than 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). One day after his hearing on the original plea agreement, Cardenas appeared before the Magistrate Judge on the revised plea agreement. (Doc. cr-48). At this hearing, the Judge confirmed that the revised plea agreement was identical to the original plea agreement except in regard to the nature of the charge, the factual statement, and the penalties. (Doc. cr-48 at pp. 4, 10). The Judge also confirmed Cardenas' understanding that he faced "a mandatory minimum term of incarceration of 10 years, a maximum term of life, a term of supervised release of at least eight years, and a fine of $8,000,000, as well as a $100 special assessment." (Doc. cr-48 at p. 5). The Judge also engaged in the following exchange with Cardenas:

> THE COURT: Now, you have agreed that a presentence investigation report will be prepared by the office of probation. As part of that report, the office of probation will be providing a guideline calculation for the court to consider in imposing sentence in this case. The quantity of drugs involved in a case can affect that guideline range. You understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And you are willing to accept the risks associated with where that guideline range will be based upon the government's argument and your argument about how much cocaine you should be charged with?
> . . . .
> THE DEFENDANT: Are they going to increase it then?
>
> THE COURT: It could happen that the guideline range could be higher. If the government is successful in establishing that you are

responsible for, say, 35 kilograms of cocaine, it might be a higher guideline range than if you are successful in arguing that you should only be charged with one to three kilograms of cocaine, as you had suggested yesterday.

. . . .

But the guideline range will be established by the court based upon the arguments of the parties about how much drugs are involved. But other factors will also be considered, including your background, your criminal history, and other factors that the court is permitted to consider in reaching that range.

. . . .

THE COURT: Do you understand that?

THE DEFENDANT: Yes.

THE COURT: And you are willing to go forward to enter a plea with the risk that you do not know what your sentence will be if you enter a plea in this case?

THE DEFENDANT: Yes.

THE COURT: You understand that the district judge is free to sentence you to the maximum extent allowed by law, without regard to any agreements that the parties have made?

THE DEFENDANT: Yes.

THE COURT: And are you willing to go forward to enter a plea with that risk?

THE DEFENDANT: There's no other choice.

THE COURT: You are willing to give up your choice of going to trial and enter a plea?

THE DEFENDANT: I don't want to fight. I just want what is normal. I don't want to enter into arguments or fight this off.

THE COURT: So does that mean you are willing to waive your right to trial in this case? And the reason that I ask you, Mr. Cardenas, the way that I'm asking, is the court has to be certain that you know what you are doing and that your decision is voluntary.

(Off-the-record discussion between defendant and defense counsel.)

>THE DEFENDANT: Yes.
>
>THE COURT: Your decision is voluntary?
>
>THE DEFENDANT: Yes.

(Doc. cr-48 at pp. 13-16).

Cardenas repeatedly confirmed that he had been made no promises other than those in the plea agreement; specifically confirmed that no one had promised him anything else to induce him to enter into the sentence appeal waiver; and confirmed his understanding that he could be sentenced to a sentence from ten years to life imprisonment.

### Applicable Law

The standard for determining the voluntariness of a plea where a defendant is represented by counsel and enters a plea upon the counsel's advice is whether such "advice was within the range of competence demanded of attorneys in criminal cases." McMann v. Richardson, 397 U.S. 759, 771 (1970). Thus, to assess counsel's performance, the two-prong test of Strickland v. Washington, 466 U.S. 668 (1984) must be applied. See Hill v. Lockhart, 474 U.S. 52, 57 (1985). First, Cardenas must show that his counsel's representation fell below an objective standard of reasonableness. Second, he must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Here, the Court need focus only on the second prong. In Hill v. Lockhart, 474 U.S. at 59, the United States Supreme Court held that the second or prejudice requirement focuses on whether a Defendant has shown that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have gone to trial instead.

Cardenas has not met this requirement.  In fact, he specifically states that he was willing to give up his choice of going to trial, and that his decision to do so was voluntary. (Doc. cr-58 at pp. 13-16).  He does not refute this decision in his present motion to vacate. Therefore, Cardenas has not shown counsel was ineffective so that he could challenge the validity of the plea or waiver, even if they were "knowingly and voluntarily made."

Furthermore, solemn declarations made in open court carry a strong presumption of veracity such that the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal. See Blackledge v. Allison, 431 U.S. 63, 74 (1977).  Cardenas  offers only a bare assertion which is unsupported by any facts or laws, as the basis of his ineffective assistance of counsel claim. This is insufficient to obtain relief under § 2255. See Cademo v. United States, 256 F.3d 1213, 1217 (11th Cir.2001) (noting that habeas relief is not warranted when claims are merely conclusory allegations unsupported by specifics); see also United States v. Yizar, 956 F.2d 230, 234 (11th Cir.1992) (stating that a petitioner must set forth sufficient allegations to demonstrate that he is entitled to his requested relief).  Ground two does not warrant relief.

## Ground One

Cardenas alleges that he is entitled to an out-of-time direct appeal because he asked his attorney to file a Notice of Appeal and Cardenas' attorney failed to do so. (Doc. cv-1 at pp. 2-4).  He claims his attorney was ineffective when he failed to file a timely notice of appeal and perfect an appeal. In support of this assertion, Cardenas attaches an affidavit averring, "Following my sentencing in the United States District Court for the Middle District of Florida, Tampa Division, I informed my attorney at the time, Frank De La Grana, of my wish for him to file an appeal in my case." (Doc. cv-1, Attachment).

In his affidavit attached to the Government's response, Attorney De La Grana agrees that Cardenas contacted him and informed him that Cardenas wanted to file a direct appeal. (See Attachment to Doc. cv-6). Attorney De La Grana states further, however, that he advised Cardenas that, in his opinion, there was no basis for an appeal, and that, after he had advised Cardenas that he believed there was no basis for appeal, Cardenas did not continue to request that he file a notice of appeal.

The Court finds that because of the conflict in the affidavits filed by Cardenas and by the Government, an evidentiary hearing would aid the Court in resolving ground one of the section 2255 motion. The allegation in ground one is that Cardenas is entitled to an out-of-time direct appeal because he asked his attorney to file a Notice of Appeal and Cardenas' attorney failed to do so. (Doc. cv-1 at pp. 2-4). Cardenas also alleges, in ground one, that his attorney was ineffective when he failed to file a timely notice of appeal and to perfect an appeal.

Accordingly, the Court orders:

1. An evidentiary hearing is set for **<u>FRIDAY, JUNE 2, 2006, AT 10:00 A.M.</u>** before the undersigned United States District Judge in Courtroom 14A **<u>on ground one only</u>**: that Cardenas is entitled to an out-of time direct appeal because his attorney failed to file a Notice of Appeal after Cardenas requested the attorney to do so and that his attorney was ineffective for failing to file a Notice of Appeal.

2. The Government is ordered to produce Defendant Lourdes Gonzalez Cardenas for the hearing, and to transport Defendant to Tampa, Florida, **on or before Monday, May 29, 2006,** to allow counsel to meet with Defendant prior to the hearing. **The Government**

**will prepare the necessary paperwork and submit the paperwork to the United States Marshal's Service to ensure that Defendant is present at the hearing.**

The Government shall advise Defendant's counsel as to where Defendant will be housed in Tampa, Florida.

ORDERED at Tampa, Florida, on April 24, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

AUSA:  Susan H. Rothstein-Youakim
Darlene Calzon Barror, Esq., Counsel for Defendant Cardenas
Ryan Barry, United States Marshal's Office
Lourdes Gonzales Cardenas